U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2018 MAY 21 AM 10: 53

BY ____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

RETAIL PIPELINE, LLC and )
DARRYL LANDVATER, )
)
Plaintiffs, )
)
v. ) Case No. 2:17-cv-00067
)
JDA SOFTWARE GROUP, INC., )
)
Defendant. )

**ENTRY ORDER DENYING DEFENDANT'S MOTION TO AMEND THE COURT'S MARCH 30, 2018 ORDER TO CERTIFY FOR INTERLOCUTORY APPEAL AND TO STAY PROCEEDINGS**
(Doc. 54)

Plaintiffs Retail Pipeline, LLC and Darryl Landvater (collectively, "Plaintiffs") bring this action alleging breach of contract, breach of the implied covenant of good faith and fair dealing, breach of a contract implied in law or fact, and constructive fraud against Defendant JDA Software Group, Inc. Pending before the court is Defendant's motion to amend the March 30, 2018 Order denying Defendant's motion to dismiss for lack of personal jurisdiction to certify the Order for interlocutory appeal. (Doc. 54.) Defendant also seeks a stay of the proceedings pending disposition of that appeal. On April 9, 2018, Defendant filed the pending motion. Plaintiffs, who oppose the motion, filed their response on April 17, 2018. Defendant replied on April 25, 2018, at which point the court took the matter under advisement.

Jennifer E. McDonald, Esq., Marc B. Heath, Esq., and Tristram J. Coffin, Esq. represent Plaintiffs. Karen McAndrew, Esq. and Justin B. Barnard, Esq. represent Defendant.

On March 30, 2018, the court denied Defendant's motion to dismiss for lack of personal jurisdiction. Based on the allegations in Plaintiffs' Complaint, as well as the

affidavits, documents, and supplemental memoranda submitted by the parties, the court found that it lacked general jurisdiction over Defendant. The court, however, found that Plaintiffs had met their burden in establishing specific jurisdiction over Defendant. "Although [the] case present[ed] a close question," (Doc. 53 at 20), the court determined that Plaintiffs had established Defendant's minimum contacts with Vermont and that exercising personal jurisdiction over Defendant comported with "traditional notions of fair play and substantial justice[]" consistent with the Due Process Clause. *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted). As a result, the court denied Defendant's motion to dismiss for lack of personal jurisdiction.

Defendant moves to amend the court's March 30, 2018 Order to certify the jurisdictional determination for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) so that the Second Circuit can resolve "critical questions" of personal jurisdiction relating to contractual relationships based on "intangible property and services lacking any essential geographic connection[.]" (Doc. 54 at 1.) Defendant further asserts that resolution of the personal jurisdiction issue in its favor "would terminate the present litigation and provide guidance to courts and businesses facing similar circumstances[.]" *Id.* at 2. Plaintiffs respond that this court's decision was limited to determining a prima facie showing of personal jurisdiction, which is not a "pure question of law" appropriate for interlocutory appeal. (Doc. 55 at 2) (internal quotation marks omitted).

"The court of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States, . . . except where a direct review may be had in the Supreme Court." 28 U.S.C. § 1291. "As a general matter, denials of a motion to dismiss are not appealable as 'final decisions' of the district courts under 28 U.S.C. § 1291." *Balintulo v. Daimler AG*, 727 F.3d 174, 186 (2d Cir. 2013) (footnote omitted) (citing *Catlin v. United States*, 324 U.S. 229, 236 (1945)). However, a district court may certify an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) when it is "of the opinion that [the relevant] order [1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the

2

order may materially advance the ultimate termination of the litigation[.]" 28 U.S.C. § 1292(b). "When a ruling satisfies these criteria and 'involves a new legal question or is of special consequence,' then the district court 'should not hesitate to certify an interlocutory appeal.'" *Balintulo*, 727 F.3d at 186 (quoting *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 111 (2009)).

The Second Circuit has cautioned, however, that Section 1292(b) provides a "rare exception to the final judgment rule that generally prohibits piecemeal appeals" and "is reserved for those cases where an intermediate appeal may avoid protracted litigation." *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865-66 (2d Cir. 1996). "[O]nly exceptional circumstances will justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 25 (2d Cir. 1990) (internal quotation marks and alteration omitted); *see also Westwood Pharm., Inc. v. Nat'l Fuel Gas Dist. Corp.*, 964 F.2d 85, 89 (2d Cir. 1992) (stating that district courts should "exercise great care in making a [Section] 1292(b) certification.").

Assuming that the court's Order presents substantial grounds for differences of opinion, Defendant must still demonstrate the existence of a controlling question of law that, if certified, may materially advance the ultimate termination of the litigation. Because the court's Order resolved "a potentially dispositive question of jurisdiction," Defendant argues that the first criterion is satisfied. (Doc. 54 at 3.) Defendant further contends that a ruling on personal jurisdiction in its favor will result in the termination of the case. Plaintiffs respond that the court's decision did not present a "pure question" of law, but rather involves "a question of law which turns on a thorough examination of the facts[,]" and, without an evidentiary hearing, interlocutory appeal would be premature. (Doc. 55 at 4) (internal quotation marks omitted).

"Although the resolution of an issue need not necessarily terminate an action in order to be 'controlling,' . . . it is clear that a question of law is 'controlling' if reversal of the district court's order would terminate the action." *Klinghoffer*, 921 F.2d at 24

(citations omitted). A controlling question of law "must refer to a 'pure' question of law that the reviewing court could decide quickly and cleanly without having to study the record." *Youngers v. Virtus Inv. Partners Inc.*, 228 F. Supp. 3d 295, 298 (S.D.N.Y. 2017) (quoting *Capitol Records, LLC v. Vimeo, LLC*, 972 F.Supp.2d 537, 551 (S.D.N.Y. 2013)); *see also Cal. Pub. Employees' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 96 (2d Cir. 2004) ("By its plain terms, Section 1292(b) may only be used to challenge legal determinations.").

While the Second Circuit has "granted certification when the order involved issues of in personam . . . jurisdiction[,]" *Klinghoffer*, 921 F.2d at 24, in *Koehler v. Bank of Bermuda Ltd.*, the Second Circuit has observed that Section 1292(b)'s "intended purpose" would not be served if it ruled on "an ephemeral question of law that may disappear in the light of a complete and final record." *Koehler*, 101 F.3d at 864. *Koehler* thus held that review of "the district court's initial determination of a *prima facie* showing of *in personam* jurisdiction[]" was "prematurely before [it]." *Id.* at 866. In so ruling, the *Koehler* court noted that Section 1292(b) "was not meant to substitute an appellate court's judgment for that of a trial court[]" and concluded that in "the absence of discovery and a district court hearing to determine the jurisdictional question by a preponderance of the evidence[,]" certification of the personal jurisdiction question "at this initial stage of the proceeding" was "improvidently granted." *Id.* at 866-67.

Despite the fact that the parties in this case conducted jurisdictional discovery, the court has not held an evidentiary hearing. Indeed, during a January 19, 2018 status conference, Defendant objected to the suggestion that an evidentiary hearing was necessary to resolve its motion to dismiss. The court has thus not determined whether Plaintiffs satisfied their "ultimate burden" of establishing personal jurisdiction over Defendant "by a preponderance of the evidence[.]" *Id.* at 865; *see also Persh v. Petersen*, 2016 WL 5793749, at *3 (S.D.N.Y. Oct. 4, 2016) (finding that the "[c]ertification of personal jurisdiction questions prior to an evidentiary hearing" would be improper). When the plaintiff "has engaged in jurisdictional discovery, but no evidentiary hearing [is held], the plaintiff's *prima facie* showing, necessary to defeat a jurisdiction testing

4

motion must include an averment of facts that, if credited would suffice to establish jurisdiction over the defendant." *In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d Cir. 2003). To the extent Defendant challenges the court's conclusion that Plaintiffs met this burden, "the question of whether the pleadings, affidavits, and supporting materials support a finding of [personal] jurisdiction is not a question of law at all." *McGraw-Hill Glob. Educ. Holdings, LLC v. Mathrani*, 2018 WL 1274828, at *4 (S.D.N.Y. Mar. 5, 2018) (internal quotation marks omitted); *see also Hecklerco, LLC v. YuuZoo Corp.*, 258 F. Supp. 3d 350, 357 (S.D.N.Y. 2017) (denying a motion to certify interlocutory appeal, even though the existence of personal jurisdiction was "a close question[,]" because the defendants "simply disagree that the factual record supports the [c]ourt's exercise of jurisdiction over them.") (internal quotation marks omitted).

The court's Order did not involve "a new legal question" and is not "of special consequence[]" beyond the parties' interest in resolving a jurisdictional issue. *Mohawk*, 558 U.S. at 111. Rather, the court applied well-established standards and concluded, based upon the facts presented, that Plaintiffs met their initial burden. *See Shovah v. Mercure*, 2013 WL 5934310, at *2 (D. Vt. Nov. 5, 2013) (finding interlocutory appeal unwarranted where the court concluded that the facts supported the exercise of personal jurisdiction and the case "did not involve a novel or unsettled area of law"). Because the parties could not agree on a stipulated statement of facts, the court considered each of their submissions. As a result, whether the factual record established personal jurisdiction over Defendant presented "a question of law which turn[ed] on a thorough examination of the facts defining the relationship between [the parties.]" *Koehler*, 101 F.3d at 866.

Finally, it is not clear whether certification of the court's Order will advance the ultimate termination of the litigation. *See Primavera Familienstifung v. Askin*, 139 F. Supp. 2d 567, 570 (S.D.N.Y. 2001) ("Although technically the question of whether there is a controlling issue of law is distinct from the question of whether certification would materially advance the ultimate termination of the litigation, in practice the two questions are closely connected.") (citing *The Duplan Corp. v. Slaner*, 591 F.2d 139, 148 n.11 (2d

Cir. 1978)). If the Second Circuit reverses this court's Order, it may remand for an evidentiary hearing. If the Second Circuit affirms, this court "will still need to determine whether [Plaintiffs] can meet [their] ultimate burden of showing personal jurisdiction over [Defendant] by a preponderance of the evidence at a later stage of the trial proceedings." *Koehler*, 101 F.3d at 866.

Because Defendant has not demonstrated that the court's Order involves a controlling question of law that would materially advance the termination of the litigation, neither certification nor a stay is warranted.

## CONCLUSION

For the foregoing reasons, the court DENIES Defendant's motion to amend the March 30, 2018 Order to certify for interlocutory appeal and to stay proceedings. (Doc. 54)

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 21st day of May, 2018.

Christina Reiss, District Judge
United States District Court